UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES G. RENAUD,

    Plaintiff,                                                  Civil Action No. 05-72442-DT
v.                                                       HONORABLE VICTORIA A. ROBERTS
                                                         UNITED STATES DISTRICT COURT

MICHIGAN DEPARTMENT OF
CORRECTIONS, et. al.;

    Defendants,
_____/

**OPINION AND ORDER DENYING THE MOTION FOR AN EXTENSION OF TIME TO FILE COMPLAINT AND SUMMARILY DISMISSING THE CASE**

James G. Renaud, ("Plaintiff"), is presently confined at the Marquette Branch Prison in Marquette, Michigan. On or about June 8, 2005, Plaintiff filed a "Notice of Intent to Hold Liable", which the Clerk's office construed as a civil rights complaint filed pursuant to 42 U.S.C. § 1983. In this "Notice of Intent", Plaintiff requested a copy of forms to initiate a 42 U.S.C. § 1983 complaint. On July 14, 2005, Plaintiff sent a letter to this Court, in which he indicated that the "Notice of Intent" should not be construed as a complaint and further indicated that he planned on filing a complaint with the Court as soon as he received a copy of the forms from the Court. Plaintiff also requested two copies of form complaints from the Clerk of the Court. Subsequent to this letter, Plaintiff filed a Motion for the Appointment of Counsel and a Motion for Guidance. On August 19, 2005, this Court denied Plaintiff's Motion for the Appointment of Counsel and his Motion for Guidance, but did order the Clerk of the Court to provide Plaintiff with two

1

copies of 42 U.S.C. § 1983 form complaints. The order directed Plaintiff to inform the Court within thirty days of the order how he wished to proceed with the case.

Plaintiff has now filed a Motion for an Extension of Time to File a Complaint in this matter. For the reasons stated below, the Court will deny Plaintiff's Motion for an Extension of Time. The Court will also summarily dismiss the current action without prejudice.

Plaintiff has asked for an extension of time to file a complaint, because he claims that he has not yet received copies of the form complaints from the clerk's office. Plaintiff, however, further indicates that he filed an administrative grievance on August 10, 2005 against the Michigan Department of Corrections and that this grievance is only at the first step of the grievance process. Plaintiff estimates that it will take about eighty days to complete the grievance process.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust all available administrative remedies before filing a federal lawsuit challenging his conditions of confinement. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Wyatt v. Leonard*, 193 F. 3d 876, 877 (6th Cir. 1999). To demonstrate exhaustion of administrative remedies, a prisoner must attach the decision containing the administrative disposition of his grievance or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *See Knuckles El v. Toombs*, 215 F. 3d 640, 642 (6th Cir. 2000); *Brown v. Toombs*, 139 F. 3d 1102, 1104 (6th Cir. 1998). Exhaustion is not jurisdictional; but it is mandatory, *Wyatt v. Leonard*,

193 F.3d at 879, even if proceeding through the administrative system would be "futile." *Hartsfield v. Vidor*, 199 F. 3d 305, 308-10 (6th Cir. 1999). The exhaustion requirement applies to § 1983 actions brought by a state prisoner even if the prisoner seeks monetary relief. *Lavista v. Beeler*, 195 F. 3d 254, 256-57 (6th Cir. 1999). Medical care claims like the one that Plaintiff contemplates bringing fall within "prison conditions" contemplated by the PLRA, thus requiring exhaustion of available administrative remedies before the filing of a civil rights action. *Rodriguez v. Senkowski*, 103 F. Supp. 2d 131, 132 (N.D.N.Y. 2000).

Federal courts may enforce the exhaustion requirement *sua sponte*. *See Brown*, 139 F. 3d at 1104. A prisoner must exhaust administrative remedies as to each defendant and as to each claim identified in the complaint. *See Curry v. Scott*, 249 F. 3d 493, 505 (6th Cir. 2001). The prisoner has the burden of proving that a grievance has been fully exhausted. *Baxter v. Rose*, 305 F. 3d 486, 488 (6th Cir. 2002). When a prisoner fails to exhaust administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts those remedies, dismissal of the complaint is appropriate. *See* 42 U.S.C. § 1997e(a); *Smith v. Federal Bureau of Prisons*, 300 F. 3d 721, 723 (6th Cir. 2002). The United States Court of Appeals for the Sixth Circuit has recently clarified that total exhaustion is required under the PLRA such that a complaint containing both exhausted and unexhausted claims must be dismissed without prejudice. *See Bey v. Johnson*, 407 F. 3d 801, 806 (6th Cir. 2005). Under the PLRA, a prisoner may not amend the complaint to cure the failure to plead exhaustion of administrative remedies. *See*

*Baxter*, 305 F.3d at 488.

The Michigan Department of Corrections (M.D.O.C.) has established a three step grievance system whereby prisoners may seek redress for alleged violations of policy and procedure or unsatisfactory conditions of confinement. *See* M.D.O.C. Policy Directive 03.02.130 (April 28, 2003).[1] A Michigan prisoner must pursue all three steps of the grievance procedure in order to properly exhaust his or her administrative remedies. *See Chamberlain v. Overton,* 326 F. Supp. 2d 811, 815 (E.D. Mich. 2004).

In this case, Plaintiff admits that his grievance is only at the first step of the three step grievance process. Because exhaustion is a precondition to filing an action in federal court, Plaintiff may not exhaust his administrative remedies during the pendency of this federal suit. *Freeman v. Francis,* 196 F. 3d 641, 645 (6th Cir. 1999). This Court does not have the discretion to order a continuance for Plaintiff in the absence of exhaustion. *See Harbin-Bey v. Rutter,* 420 F. 2d 571, 580 (6th Cir. 2005). Because Plaintiff has not completed the grievance process, this Court declines to grant Petitioner an extension of time to file a complaint.

## ORDER

**IT IS ORDERED** that the Motion for an Extension of Time to File Complaint is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's case is **DISMISSED WITHOUT**

---

[1] The following issues are not grievable: (1) decisions made by hearings officers of the Office of Policy and Hearings and decisions made in minor misconduct hearings; (2) decisions made by the Parole Board, and (3) issues that are not within the authority of the Department to resolve. *Id.* at F.

**PREJUDICE FOR FAILURE TO EXHAUST STATE ADMINISTRATIVE REMEDIES**, pursuant to 42 U.S.C. § 1997e(a).

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  October 14, 2005

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 14, 2005.
>
> s/Carol A. Pinegar
> Deputy Clerk

5